

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2007

# Abusheikh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5130

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Abusheikh v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1718.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1718

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5130

ABDELHADI ABUSHEIKH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals (No. A72-433-013)
Initially docketed as an
Appeal from the United States District Court
for the District of New Jersey prior to the
enactment of the Real ID Act
(Civ. No. 05-cv-01819)
District Judge:  Honorable Dennis M. Cavanaugh

Submitted Under Third Circuit LAR 34.1(a)
September 28, 2006

Before: McKEE, and AMBRO, Circuit Judges
and RESTANI,* Chief Judge

(Opinion filed January 31, 2007 )

*Honorable Jane A. Restani, Chief Judge,  United States Court of International Trade,
sitting by designation.

OPINION

AMBRO, <u>Circuit Judge</u>

Abdelhadi Abusheikh petitions for review of an order issued by the Board of Immigration Appeals ("BIA") affirming the denial of his application for cancellation of removal. We have jurisdiction to consider the petition under Section 242(b) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1252(b). For the reasons set forth below, we deny the petition.

I.

We highlight only those facts that are pertinent to our analysis. Abusheikh is a native and citizen of Jordan who moved to the West Bank when he was a child, at a time when the land was under Jordanian control. Following the Six-Day War in 1967, this territory was under the control of Israel. Abusheikh came to the United States with an Israeli travel document as a non-immigrant visitor on October 3, 1989, and was authorized to stay until April 3, 1990. However, he overstayed his visa, and in 2002 he was arrested and charged with removal. Abusheikh conceded the charge of removal and was released after posting bond. He proceeded to apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

After a hearing on the merits, the immigration judge ("IJ") denied Abusheikh's

petition, designated Jordan and Israel as removal countries, and granted him voluntary departure. In response to Abusheikh's allegation that he would not be able to return to Jordan because of his status as a Palestinian, the IJ noted that he failed to provide any documentation to support this claim. In addition, the IJ concluded that any hardship Abusheikh would face if he had to return to the West Bank would not rise to a level requiring cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1) (governing cancellation of removal for non-permanent residents).

Abusheikh appealed the IJ's decision and the BIA affirmed without opinion. He then applied for travel documents with the Jordanian and Israeli authorities. Before receiving a response, he filed a motion with the BIA to reopen his case, expressing concern that he would not be accepted by either of the removal countries designated by the IJ. The BIA denied this motion, stating that it did not have the authority to cancel removal on the ground that no country was willing to accept Abusheikh. After being refused travel documents by the Jordanian embassy, but prior to having received word from the Israeli embassy, Abusheikh filed yet another motion to reopen, which was denied by the BIA for lack of jurisdiction because his removal order became final upon his failure to depart voluntarily.

Following his detention, Abusheikh filed a petition for a stay of removal and a writ of *habeas corpus* under 28 U.S.C. § 2241 with the United States District Court for the District of New Jersey, which transferred his claim (now treated as a petition for review)

3

to us pursuant to 8 U.S.C. § 1252(b)(2).[1]

## II.

Under 8 U.S.C. § 1252(a)(2)(B)(I), we do not have jurisdiction to review a discretionary decision to deny cancellation of removal under § 1229b. However, we do retain jurisdiction to review "constitutional claims or questions of law" notwithstanding this jurisdictional limit. *See* 8 U.S.C. § 1252(a)(2)(D); *Mendez-Reyes v. Att'y Gen.*, 428 F.3d 187, 189 (3d Cir. 2005).

Abusheikh argues that the IJ's refusal to cancel his removal has resulted in unequal treatment on the basis of national origin in violation of the Fifth and Fourteenth Amendments because, as a stateless Palestinian, he can neither depart the United States nor work or live here legally. This claim fails. To prove an equal protection violation, Abusheikh must first demonstrate "disparate treatment of different groups." *DeSousa v. Reno*, 190 F.3d 175, 184 (3d Cir. 1999). However, Abusheikh fails to establish the basis for such a claim. In addition, to the extent that Abusheikh contends that we should set aside his order of removal because he purports to be stateless, we note that statelessness alone is an insufficient basis on which to grant a petition for asylum or withholding of removal without additional factors present. *See, e.g.*, *Ahmed v. Ashcroft*, 341 F.3d 214,

---

[1] Abusheikh erroneously contends that we have jurisdiction to consider his petition under 28 U.S.C. § 2241. However, the relief he requests—specifically, to be permitted to remain in the United States—is not encompassed by that statute. Rather, 8 U.S.C. § 1252(b)(2) clarifies that a petition for review to the courts of appeals is the exclusive means of review of an administrative order of removal.

218 (3d Cir. 2003).

*   *   *   *   *

Accordingly, we deny Abusheikh's petition for review.